KENNON, Judge.
In this suit plaintiff seeks to recover $1,025 from the Rosar-Mahfouz Plumbing & Heating Contractors, which he alleged to be a commercial partnership composed of Joseph G. Rosar and Edward C. Mahfouz. The petition, filed in March, 1948, set forth that plaintiff was employed on April 11, 1947; at a weekly wage of $100; that the defendants withheld $50' a week for the first five weeks of his employment and withheld $25 a week during the remaining thirty-six weeks of his employment, which terminated .on December 19, 1947.
After an exception of no cause or right of action was overruled, the defendant partnership and its individual members, who had been joined as party defendants, filed an answer denying the indebtedness claimed by plaintiff and setting forth that early in 1947 the two individual defendants formed the named partnership and began operating their business in the City of Alexandria, Louisiana; that plaintiff was invited to become a partner in the firm and so agreed; that it was understood, at the time plaintiff entered the partnership, that the money necessary for the operation of the business was to be furnished by E. C. Mahfouz, and that at the end of the year each one of the partners would receive one-third of the net profits; that plaintiff began work as a partner under these conditions; that after the first two weeks period, during which neither plaintiff nor the other two partners had drawn any money, plaintiff requested that he be advanced $50 a week against his anticipated one-third profit; that some weeks later, he requested, and the other partners agreed, that this weekly advance be increased to $75, which arrangement continued until December 19, 1947, when plaintiff served notice that he wished to end his association with the partnership and begin working where he could make more money. Asserting that the business had made no profits, defendants asked that their rights be reserved to claim from plaintiff such por *66 tions of the advances to him which should be determined to be in excess of one-third of the net profits.
The District Court rendered judgment rejecting plaintiff’s demands. Plaintiff appealed.
The defendant, Joseph G. Rosar, is plaintiff’s son. Both are licensed plumbers and members of the local plumber’s union at Alexandria, Louisiana. Defendant Mahfouz was engaged in the building business and testified that he knew nothing about the plumbing business. The company engaged in the plumbing contracting business and employed at times as many as nine working plumbers. Plaintiff testified that he spent most of his time “figuring work.” The record further discloses that he had the principal control in the matter of selecting the labor employed by the firm. The record also shows that he went to Mississippi with his son and Mr. Mahfouz for the purpose of buying needed plumbing materials. He also took the firm truck home with him each night and used it as he saw fit over the weekends.
The fact that plaintiff was given a letter to a home mortgage company stating that his earnings were $100 a week, and the fact that a withholding statement was issued by defendants’ bookkeeper showing the payment of $3600 for the thirty-six weeks plaintiff was connected with the firm, and the fact that the insurance and bond application documents do not show plaintiff as a member of the firm, are corroborative of plaintiff’s contention that he was an outright employee and not a partner.
Defendant, Joseph G. Rosar, son of plaintiff, testified that his father was not known or listed as a partner because his father wasn’t getting along with his wife, and that his father thought it best to draw no contract but to leave the partnership on the basis of a gentlemen’s agreement, so that in the event plaintiff decided to leave the partnership, defendant’s stepmother could not cause trouble or complications. He further testified that his father decided to leave the business when the financial condition became such that it was decided that the partners would have to go to work at actual labor with tools, whereupon, his father said that he would not do actual labor as a partner since he could go to work at other places in town and make $125 weekly.
When asked why he was not paid his alleged salary of $100 from week to week, plaintiff stated that Mr. Mahfouz told him the money was tied up in building operations. Plaintiff admitted that he was asked to become a partner. The equities are not with plaintiff as it is shown that the entire operation was unprofitable, and that he personally had a large share in the management. The fact that he accepted from week to week, for thirty-six weeks, first the $50 weekly and later the $75, mitigates against his belated contention for the larger sum.
It is incumbent upon the plaintiff to make out his case by a reasonable preponderance of the evidence. In the case before us, the evidence, though contradictory, nevertheless is sufficient to support the finding of the trial judge. Under such circumstances, the established rule is that the appellate court sustain the decision of the trial court.
The judgment appealed from is affirmed, with costs.